**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 11 |
| JOSEPH J. PORADA, JR., ) | Case No. 17-36268 |
| ) | |
| Debtor, ) | Honorable Timothy A. Barnes |
| ) | |
| JOSEPH J. PORADA, JR., ) | |
| individually and as Trustee of The ) | |
| Joseph J. Porada Revocable Trust, ) | |
| date December 30, 1994, ) | Adv. No. 18-000926 |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ROBERT J. FISHER, an individual, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR FINAL JUDGMENT PURSUANT TO FRCP 54(b)**

NOW COMES, the Defendant, ROBERT J. FISHER, by and through his attorneys, THE SHIMOTAKE LAW FIRM, LLC, and, pursuant to Federal Rules of Bankruptcy Procedure 7054(a) and Federal Rules of Civil Procedure 54(b), hereby bring his MOTION FOR FINAL JUDGMENT seeking final judgment to be entered against the Defendant ROBERT J. FISHER, and respectfully shows the Court as follows:

**RELEVANT FACTS**

1. On December 6, 2017, Debtor Dr. Joseph J. Porada, Jr. ("Dr. Porada") filed the underlying Chapter 11 bankruptcy ("Bankruptcy"). In relation to this Bankruptcy, on November 30, 2018, Dr. Porada also filed the underlying adversary complaint against Mr. Fisher ("Adversary").

1

2. The Adversary alleges that between 2008 and 2012, Defendant Robert J. Fisher ("Mr. Fisher") borrowed a total of $260,000 from the Plaintiff, Dr. Porada. Dr. Porada alleges that these amounts were never paid back and accordingly, constitute a breach of contract. The Adversary also alleges that the debts are secured by Fisher's real property located in Minooka, IL ("Real Property"). Dr. Porada seeks relief for the total amount, as well as interest and attorney's fees. The most recent amended complaint was filed on March 13, 2019. *See Exhibit A.*

3. Mr. Fisher filed an answer in response to the complaint and raised defenses, including fraud, payment and statute of limitations. *See Exhibit B.*

4. In addition, Mr. Fisher filed a proof of claim in the Bankruptcy. The underlying basis for this claim was work done by Mr. Fisher that was never compensated by Dr. Porada. *See Exhibit C.*

5. The Parties later agreed to enter Mr. Fisher's claim as a counter-claim in the Adversary.

6. At this time, the Real Property is under contract for the sale to a third-party.

7. Mr. Fisher, through counsel, has advised that he is ready, willing and able to pay the underlying debt in order to complete the transaction.

8. In October 2021, a settlement was drafted but remains unapproved by the Parties.

## LEGAL STANDARD

9. This court may enter final judgment as to "one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." *Fed. R. C. Proc. 54(b).*

*10.* A final judgment is appropriate where there is little factual overlap of the counter-claim and the underlying complaint. *Tompkins v. Central Laborers' Pension Fund,* No. 4:09-cv-4004-SLD-BGC, 2012 U.S. Dist. LEXIS 10768 (C.D. Ill. Jan. 30, 2012).

## ANALYSIS

11. The Court has authority to enter final judgment against Mr. Fisher because there is no just reason for delay.

12. The matter, at heart, is not disputed. Mr. Fisher admits in his answers that he borrowed funds from Dr. Porada. None of Mr. Fisher's defense or answer deny entering into loan agreements. Mr. Fisher disputed the validity and circumstances of the exhibits; however, at heart, does not dispute the loans.

13. Mr. Fisher is ready and willing to waive his defenses and submit to judgment. Mr. Fisher is also wiling to submit to attorney's fees and court costs, thereby eliminating any further need for adjudication of this matter.

14. Accordingly, there is no just reason for delay in this matter any further.

15. Plaintiff is not harmed by the entry of the judgment. If not, Mr. Fisher is prepared to pay the full amount of the judgment in full shortly after entry so that the matter may be resolved. Therefore, it is in Plaintiff's best interest for the judgment to be entered.

16. A Rule 54(b) ruling is appropriate because the counter-claim is based on wholly separate facts. Mr. Fisher's counter-claim is based on services that he performed. The services were in relation to an LLC that the Parties were both members. The LLC held a different piece of property that the Parties

owned together.  The service provided were on and in relation to this wholly separate piece of property.  Accordingly, it is a wholly separate set of facts and there is no danger of overlap.

17. In the balance of equities between the Parties, it is in Mr. Fisher's favor that the court should enter this judgment.  The sale of the Real Property is a solution that satisfies the needs of all parties, including the bankruptcy proceeding.  However, time is of the essence as the closing can only occur with the satisfaction of the underlying complaint.  Mr. Fisher has procured funds to do so; however, to date, has not given the means to resolve this matter.  It is in the best interest of all parties involved that this judgment get entered and this matter be concluded.

## CONCLUSION

WHEREFORE, Defendant ROBERT J. FISHER, respectfully request that this Court enter final judgment against him and any further relief that the Court deems just and equitable.

RESPECTFULLY SUBMITTED BY:

The Shimotake Law Firm, LLC
One S. Dearborn, 20th Floor
Chicago, IL 60603
Tel.: (312) 620-6499
Fax: (312) 873-4511
E-Mail: jason@shilawfirm.com

ROBERT J. FISHER

/s/ Jason M. Shimotake
Jason M. Shimotake (6295687)